UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ZUMAR DuBOSE,

                                    Plaintiff,

           v.                                                           9:24-CV-1023
                                                                          (AMN/ML)

UNITED STATES OF AMERICA, et. al,

                                    Defendants.

_____

APPEARANCES:

ZUMAR DuBOSE
20472-509
Plaintiff, Pro Se
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 900
Ray Brook, NY 12977


ANNE M. NARDACCI
United States District Judge

**DECISION and ORDER**

**I.      INTRODUCTION**

In August, 2024, plaintiff Zumar DuBose commenced this action by filing a pro se civil

rights complaint.  *See* Dkt. No. 1 ("Compl.").  At the time plaintiff commenced this action, he

had another action pending in this District.  *See DuBose v. Bureau of Prisons*, 9:24-CV-0877

(AMN/ML) (N.D.N.Y. filed July 15, 2024) ("*DuBose I*").

1

On August 26, 2024, this Court issued a Decision and Order in *DuBose I*, which found that plaintiff had acquired at least three "strikes" before July 2024, i.e., prior to him initiating that case, and that "none of the alleged harms identified in the complaint plausibly suggest that plaintiff was at risk of an 'imminent danger of serious physical injury' when he commenced this action."  *See DuBose I*, Dkt. No. 6 ("*DuBose I* Screening Order"). Accordingly, the Court denied plaintiff's IFP application and conditionally dismissed the action unless plaintiff did one of the following within thirty (30) days: (i) paid the Court's filing fee of four hundred and five dollars ($405.00) in full; or (ii) filed an amended complaint demonstrating that he faced an "imminent danger of serious physical injury" from one or more appropriately named defendants when he commenced the action.  *Id*. at 9-10.

That same day, this Court issued an Order in this case directing that the action be administratively closed based on plaintiff's failure to comply with the filing fee requirement. Dkt. No. 2.  Thereafter, plaintiff filed an application to proceed in forma pauperis in this case, together with the inmate authorization form required in this District, and the Clerk was directed to re-open this action and restore it to the Court's active docket.  Dkt. No. 3 ("IFP Application"); Dkt. No. 4 ("Inmate Authorization Form"); Dkt. No. 5 ("Re-Opening Order"). Around the same time, and instead of complying with the Court's directive in *DuBose I*, plaintiff filed a notice of appeal of the *DuBose I* Screening Order.  *See DuBose I*, Dkt. No. 7.

By Decision and Order entered on November 5, 2024, the Court stayed this action pending the Second Circuit's decision on plaintiff's appeal of the *DuBose I* Screening Order, or his withdrawal of that appeal, based on the overlapping nature of the claims asserted in

2

this action and *DuBose I*.  *See* Dkt. No. 7 ("November 2024 Order").

By Mandate entered on April 28, 2025, the Second Circuit dismissed plaintiff's appeal

of the *DuBose I* Screening Order on the grounds that it "'lack[ed] an arguable basis either in

law or in fact.'"  *See DuBose I*, Dkt. No. 9 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325

(1989)).  Accordingly, and pursuant to the November 2024 Order, the Clerk has returned this

case to the Court for further review.  In light of the Second Circuit's Mandate, the stay entered

in this case is hereby lifted so that the Court may consider the sufficiency of plaintiff's IFP

Application.

## II.    IFP APPLICATION

Where a plaintiff seeks leave to proceed IFP, the Court must determine whether the

plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the

Court's filing fee of four hundred and five dollars ($405.00).  The Court must also determine

whether the "three strikes" provision of 28 U.S.C. § 1915(g) ("Section 1915(g)") bars the

plaintiff from proceeding IFP and without prepayment of the filing fee.  More specifically,

Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  If the plaintiff is indigent and not barred by Section 1915(g), the Court

must consider the sufficiency of the claims stated in the complaint in accordance with 28

3

U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

As noted in the *DuBose I* Screening Order, plaintiff acquired at least three "strikes" before July, 2024, i.e., before he commenced both *DuBose I* and this action. *See DuBose I* Screening Order at 3. Thus, plaintiff's IFP Application must be denied unless it appears that the "imminent danger" exception to the "three strikes" rule set forth in Section 1915(g) is applicable to this action.

The "imminent danger" exception protects a prison inmate exposed to potential serious physical injury from the consequences of his earlier mistakes in filing frivolous litigation. Generally speaking, the allegations relevant to this inquiry "are those in which [plaintiff] describes physical injury, threats of violence, and deprivation of medical treatment." *Chavis v. Chappius*, 618 F.3d 162, 165 (2d Cir. 2010). The Second Circuit has described the nature of the Court's inquiry regarding imminent danger as follows: "although the feared physical injury must be serious, we should not make an overly detailed inquiry into whether the allegations qualify for the exception, because § 1915(g) concerns only a threshold procedural question, while [s]eparate PLRA provisions are directed at screening out meritless suits early on." *Id*. at 169-70 (quoting *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)) (internal quotation marks omitted). "[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint – in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); *see also Polanco v. Hopkins*, 510 F.3d 152 (2d Cir. 2007); *Akassy v. Hardy*, 887 F.3d 91, 96 (2d

4

Cir. 2018).

In his complaint in *DuBose I*, plaintiff asserted claims based on six separate incidents of wrongdoing beginning on July 2, 2024, when he arrived at FCI Ray Brook. *See DuBose I*, Dkt. No. 1 at 2-5. First, plaintiff alleged that "BOP F.C.I. Ray Brook employees forced [him] to breath tobacco smoke, marijuana smoke, mold, [and] K2 synthetic smoke coming thru the ventilation[,]" which has caused him "to have mucus with blood in it, watery eyes, . . . second hand intoxications, hallucinations . . . , unnecessary coughing, [and] weezing [sic][.]" *Id*. at 2. Second, plaintiff alleged that he had been "forced . . . to have . . . psychotic episodes . . . and mental hallucination" because he is allergic to his prescribed medication. *Id*. at 2-3. Third, plaintiff alleged that he had been placed on a diet that is nutritionally inadequate. *Id*. Fourth, plaintiff alleged that he had been "forced to jump on and off [of] bunk beds" as a result of not having a ladder in his cell, which caused him foot, leg, and back pain and complications with walking. *Id*. at 4. Fifth, plaintiff alleged that he was "forced . . . to drink rotten and spoiled milk" on three separate days, and "rotten and spoiled fruit" on three other days, which "caus[ed] [him] to vomit and have mental pain and hunger pain." *Id*. Sixth, plaintiff alleged that he had been "forced . . . to live in a 4 man cell with other inmates who talk to themselves . . . [and] use the toilet" between the hours of 2 a.m. and 6 a.m., and "bang[ ] on the bed frame like a drum[,]" which deprived him of sleep. *Id*. at 5.

In dismissing plaintiff's appeal of the *DuBose I* Screening Order as frivolous, the Second Circuit agreed with this Court that the allegations in the complaint in *DuBose I* did not plausibly suggest that plaintiff was at risk of an "imminent danger of serious physical injury"

5

when he commenced that action.

As noted in the November 2024 Order, the allegations in the complaint in this case are materially similar to the allegations in the complaint in *DuBose I*. *See* November 2024 Order at 3. Indeed, the only difference between the allegations in these two cases is that the complaint in this case includes supplemental allegations that (1) plaintiff's exposure to spoiled food, an unclean shower, "tobacco smoke, marijuana smoke, mold, [and] K2 synthetic smoke," and inadequate mental health treatment continued from when he commenced *DuBose I* to when he commenced this action, (2) he has lost sleep from a noisy cellmate, and (3) he was deprived of recreation for an eight day period ending roughly five days before this action was commenced. Compl. at 3-9.

None of these supplemental allegations plausibly suggest that plaintiff faced any new or different risk of harm that he did not allegedly face at the time he commenced *DuBose I*, and which was ongoing when he commenced this action. Thus, for the reasons set forth in the *DuBose I* Screening Order, the allegations in this case are insufficient to plausibly suggest that plaintiff faced an "imminent danger of serious physical injury" when he commenced this action. *See DuBose I* Screening Order at 4-9.

Accordingly, plaintiff's IFP Application (Dkt. No. 3) is denied pursuant to 28 U.S.C. § 1915(g) because he had three "strikes" at the time he commenced this action and is not entitled to the "imminent danger" exception to the statute.

In light of plaintiff's pro se status, and even though the complaint does not necessarily indicate that he might be able to demonstrate that the "imminent danger" exception to Section

6

1915(g) is applicable to this action, the Court will nonetheless give him an opportunity to present an amended complaint. *See Chavis*, 618 F.3d at 170 (finding that the district court "abused its discretion" in denying plaintiff leave to amend his complaint to allege imminent danger).

Plaintiff is advised that any amended complaint submitted in response to this Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals named as defendants in that pleading engaged in conduct which violated his constitutional rights, and must also contain factual allegations sufficient to plausibly suggest that he faced an "imminent danger of serious physical injury" from one or more of the defendants when he filed this action on August 13, 2024. Plaintiff's amended complaint, which shall supersede and replace the original complaint in its entirety, must be a complete pleading which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief in this action.

Plaintiff is advised that his failure to timely comply with this Decision and Order will result in the dismissal of this action, without prejudice, without further Order of this Court.

## III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the stay entered on November 5, 2024, is **LIFTED**; and it is further

**ORDERED** that plaintiff's IFP Application (Dkt. No. 3) is **DENIED** pursuant to 28 U.S.C. § 1915(g) because plaintiff had three "strikes" when he commenced this action and is not entitled to the "imminent danger" exception; and it is further

7

**ORDERED** that this action shall be **DISMISSED** unless, within thirty (30) days of the date of this Decision and Order, plaintiff either (i) pays the Court's filing fee of four hundred and five dollars ($405.00) in full, or (ii) files an amended complaint demonstrating that he faced an "imminent danger of serious physical injury" from the defendants when he commenced this action; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order, the Clerk shall return the file to this Court for review; and it is further

**ORDERED** that if plaintiff fails to timely comply with this Decision and Order, the Clerk is directed to enter judgment dismissing this action, without prejudice, without further order of this Court; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: <u>September 23, 2025</u>
    Albany, NY

Anne M. Nardacci
U.S. District Judge

8